```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.        CASE NO. 2:10-CR-20041-001

JERRY MULLINS                                               DEFENDANT

## O R D E R

On September 20, 2010, the Court granted Defendant's motion for a psychological evaluation to determine whether or not the Defendant was insane at the time of the offense and/or currently competent to stand trial (doc. 12). The forensic report was filed on December 15, 2010, concluding that Defendant is not currently competent to stand trial but that it is anticipated his competency could be restored with continued treatment. As such, a determination of insanity at the time of the offense was not able to be completed at this time.

Counsel for all parties have reviewed the report and advised the Court they agree with the recommendation to commit Defendant for a period of competency restoration treatment. Accordingly, the Court finds, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist

properly in his defense.

Accordingly, pursuant to 18 U.S.C. §§ 4241(d), the Defendant, Jerry Mullins, is hereby committed to the custody of the Attorney General or his authorized representative to remain hospitalized for treatment in MCFP Springfield for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. While Defendant is in said facility, Defendant shall also be examined, pursuant to 18 U.S.C. § 4242, to determine whether he was insane at the time of the offense charged, for a period not to exceed an additional forty-five days.

At the expiration of four months, Defendant may be hospitalized for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time Defendant will attain the capacity to permit the proceedings to go forward or the pending charges against him are disposed of according to law, whichever is earlier.

If at the end of the time period specified, it is determined that Defendant's mental condition has not so improved as to permit proceedings to go forward, Defendant is subject to the provisions of 18 U.S.C. §§ 4246 and 4248.

The Court shall be notified at the earliest possible date once the examiner is of the opinion that Defendant's competency has been restored so that this matter may be promptly set for trial.  The delay in the trial of this action occasioned by the examination is excludable under the provisions of 18 U.S.C. § 3161(h)(4).

The United States District Court Clerk is directed to provide the United States Marshal's Service with a certified copy of this order.

IT IS SO ORDERED this 30th day of December 2010.

/s/ Robert T. Dawson<br>
Honorable Robert T. Dawson<br>
United States District Judge